**STENS v. ASHE et al.**

No. 159.

United States District Court
W. D. Pennsylvania.

Sept. 23, 1949.

James V. Flanagan, Pittsburgh, for petitioner.

George P. Kiester, Asst. U. S. Atty., for respondents.

GOURLEY, District Judge.

This proceeding involves application for leave to file in forma pauperis petition for writ of habeas corpus, and the issuance of a rule thereon to show cause why the petitioner should not be discharged from the custody of the law. Legal counsel has been appointed for said petitioner.

In passing upon the merits of the petition, in addition to the oral hearings, the Court has considered the allegations in the pleadings and has taken judicial notice of the records in the Court of Quarter Sessions of Butler County, Pennsylvania, the records in the Court of Common Pleas of Lorain County, Ohio, the records of the Bureau of Probation and Parole of the State of Ohio, the records of the Board of Parole, Commonwealth of Pennsylvania, and the records of the Western State Penitentiary, Pittsburgh, Allegheny County, Pennsylvania.

The petitioner was first received at the Western State Penitentiary on October 5, 1935, under sentence of the Court of Quarter Sessions of Butler County, Pennsylvania, in which he was directed to undergo imprisonment in the Western State Penitentiary for and during the period of not less than five years nor more than ten

years, to be computed from October 5, 1935, the minimum sentence to expire on October 5, 1940 and the maximum sentence on October 5, 1945. On December 23, 1941, by authorization of the Pennsylvania Parole Board, the petitioner was released on parole under the sponsorship of a brother-in-law who resided in Cleveland, Ohio. At the time of his release on parole, there remained a period of three years, nine months and twelve days to be served on the maximum sentence.

The parole of the petitioner was transferred by the Pennsylvania authorities to the Ohio authorities by virtue of the Interstate Compact Act relating to paroles. Act of June 25, 1937, P.L.2086, § 1, 61 Pa. Purdon's Statutes § 321.

Judicial knowledge is taken that the Governor of the Commonwealth of Pennsylvania entered into a compact in behalf of the Commonwealth of Pennsylvania with the appropriate authorities in the state of Ohio relative to the interstate administration of the parole laws in said states on September 21, 1939, and that said relationship existed during the whole of the period involved in this proceeding, and in fact still exists.

The parole entered on December 23, 1941 was for the period of the maximum sentence which would have expired on October 5, 1945.

On May 28, 1943 the petitioner committed the crime of breaking and entry in Lorain County, Ohio. He was tried and convicted on December 9, 1943, and sentenced to the Ohio State Penitentiary until legally discharged. On December 16, 1943, petitioner was certified as a parole violator by a duly constituted authority of the Pennsylvania Board of Parole. On December 28, 1943, a detainer was filed with the Chief Parole and Record Clerk of the Ohio State Penitentiary with a request that the Pennsylvania Board of Parole be notified approximately thirty to sixty days prior to the petitioner's release from said institution. On November 7, 1947, the Ohio Pardon and Parole Commission granted a parole to the petitioner to commence on or after January 5, 1948, with a stipulation that the Pennsylvania parole authorities be notified of said action. He was taken into custody by the Pennsylvania parole authorities on January 5, 1948, and committed to the Western State Penitentiary for the balance of his unexpired maximum term as originally imposed, which new maximum term will expire on October 17, 1951.

In June of 1942 the Ohio parole authorities requested the Pennsylvania Parole Board to issue waivers on the petitioner in order that he could be inducted into the Army under the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 301 et seq. At that time the military forces were not accepting any person with a criminal record and as a result thereof waivers were not issued. On June 28, 1943, the petitioner reported to the District Parole Office in Pittsburgh, Pennsylvania, and requested that waivers be issued for induction. He had with him a letter from his Draft Board in the City of Cleveland, Ohio, requesting that said waivers be issued. This request was forwarded to the Chief Parole Officer of the Parole Board of the Commonwealth of Pennsylvania, and on July 28, 1943 an order was issued by the Parole Board in which said Board relinquished supervisory control during the period of the petitioner's active military service, or until the expiration of the maximum limit of the sentence imposed, subject, however, to the laws of the Commonwealth relating to the commission of crime by said parolee during the period of said parole.

Previous to the time application was made to the parole authorities in Pennsylvania for the issuance of said waiver, the petitioner had committed the offense in Ohio heretofore mentioned.

Although the Parole Board of the Commonwealth of Pennsylvania had issued waivers on July 28, 1943, said authorization was rescinded the next day when information was received from the Michigan State Police that the parolee had been arrested in East Lansing, Michigan, on June 1, 1943 for the offense committed in Ohio on May 28, 1943. After he was arraigned in Lorain County, Ohio, he was released on bond and it was during this time that he came to

Pittsburgh, Pennsylvania, to secure the waiver.

He was not inducted into the Army since the waiver was withdrawn, but he enlisted in the Navy. To answer the charges in Ohio it was necessary to extradite him from the Great Lakes Training Center in the state of Illinois.

On November 1, 1944, while an inmate of the Ohio State Penitentiary, the petitioner endeavored to secure withdrawal of the detainer lodged against him by the Pennsylvania authorities in order that he could be inducted into the armed forces. On November 16, 1944, the Pennsylvania Board of Parole voted not to lift the detainer.

On November 21, 1947 the Ohio authorities notified the Parole Board in Pennsylvania the petitioner would be paroled in Ohio January 5, 1948. He was taken into custody by a parole officer from Pennsylvania on said date. On January 29, 1948, the Parole Board of the Commonwealth of Pennsylvania issued an order of recommitment to the Western State Penitentiary, with the new maximum sentence to expire on October 17, 1951. The order of recommitment was merely conformity of the Board's action to return which was taken December 28, 1943. It is issued primarily for the records of the institution and the petitioner was fully informed and well aware of the reasons for his return.

 The authorities in the state of Pennsylvania had the right and authority to file the detainer for the custody of the petitioner as a parole violator when he completed his sentence in Ohio or at such time as he was released on parole by the Ohio authorities. In addition thereto the Pennsylvania authorities had no right to demand the custody of the parole violator for the offense committed during his parole in the state of Ohio without the consent of the authorities in that state until discharged from imprisonment or his release on parole by the Ohio authorities for the offense committed in Ohio. The Act of June 25, 1937, P.L. 2086, Paragraphs 1 and 2, 61 Penna. Purdon's Statutes, §§ 321, 322.

The Parole Agreement executed by the petitioner on December 23, 1941 provided, inter alia, as follows: "Under the provisions of the Parole Law, the sentence of a prisoner in a penitentiary is commuted by releasing him on parole until the expiration of the maximum limit of his sentence, subject to the following condition: that if any prisoner so released, shall during the period of his parole or while delinquent on said parole, commit any crime punishable by imprisonment for which he is at any time thereafter convicted in any Court of record and sentenced to any place of confinement other than the penitentiary from which he was released on parole, such prisoner shall in addition to the penalty imposed for such crime committed during the said period and after expiration of the same, be compelled by detainer and remand, as for an escape, to serve in the penitentiary from which he had been released on parole or in any other institution to which he may be legally transferred, the remainder of the term (without commutation) which he would have been compelled to serve but for the commutation authorizing said parole; and also subject to compliance with the other provisions of the Parole Law and the terms, rules and conditions prescribed by the Board of Pardons and upon which the parole was recommended."

The legislature in the Commonwealth of Pennsylvania has provided, inter alia, that any convict released on parole who shall, during the period of his parole, commit any crime punishable by imprisonment for which he is at any time thereafter convicted in any court of record, and sentenced to any place of confinement other than a penitentiary from which he was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in a penitentiary from which said convict had been released on parole, or in any other institution to which he may be legally transferred, the remainder of the term (without commutation)

which such convict would have been compelled to serve but for the commutation authorizing said parole. 61 Penna.Purdon's Statutes, § 305; 61 Penna.Purdon's Statutes, § 331.21.

The law of the Commonwealth of Pennsylvania also provides, inter alia, that whenever it shall appear that a person who has been sentenced and released on parole by commutation containing a condition that the convict shall be subject to the terms of the Act under which he has been paroled, has violated the terms of his parole, a warrant shall be issued for the arrest of said person, which warrant shall give all field parole agents of the departments of justice and officers authorized by law to make arrest full authority to apprehend and detain said convict. 61 Penna.Purdon's Statutes, § 309; 61 Penna. Purdon's Statutes; § 331.23.

 The jurisdiction of the Pennsylvania parole authorities to recommit the petitioner as a parole violator did not expire on October 5, 1945 for the reason that the parole was violated on December 9, 1943.

 The time that the petitioner was out on parole is not to be regarded as imprisonment, to be credited on his sentence when he is recommitted for commission of a crime while out on such parole. Commonwealth ex rel. O'Leary v. Ashe, 152 Pa.Super. 322, 32 A.2d 36; Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247.

The petitioner has exercised every scheme and plan a person of his mentality might be able to conceive in an effort to perpetrate a fraud upon the parole authorities in the Commonwealth of Pennsylvania. This proceeding is a most glaring example of an inmate in a state institution who absolutely has not been denied any rights given to him by the Constitution of the United States, or the laws of the Commonwealth of Pennsylvania, and who through one source or the other has been advised by some person or persons in the institution where he is confined that the filing of a petition for a writ of habeas corpus would work to his advantage. The

actions of this petitioner have caused considerable expense to the United States, the Commonwealth of Pennsylvania, the State of Ohio, and to the County of Butler, Pennsylvania, which is extremely unfortunate. However, consideration must be given to all petitions for writ of habeas corpus in order to make positive that no person is deprived of his liberty without due process of law.

 This is not a case such as would justify or require the federal courts to interfere with the administration of justice of the state courts and discharge the petitioner through a habeas corpus proceeding. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The rule issued on the 14th day of July, 1949 to show cause why the petition for writ of habeas corpus should not be granted is dismissed.