STEPHEN D. GOLLA, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*October* 3, 1957.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Stephen D. Golla*, appellant, *in propria persona.*

*Richard J. Baker*, Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 9, 1957.

WOLCOTT, J.:

This appeal is taken from a judgment dismissing a petition for a writ of *habeas corpus*. The prisoner was indicted at the November Term, 1952 for assualt with intent to rob. He was tried before a jury on June 23, 1953, found guilty and, on June 25, 1953, sentenced to a term of nine years and six months.[1]

---

[1]The short time between the jury's verdict and the court's sentence is explained by the fact that the petitioner was arraigned in November, 1952, plead not guilty and was released on bail in December, 1952. On March 6, 1953, he changed his plea of not guilty to guilty, and a pre-sentence investigation and psychiatric examination were ordered. On May 6, 1953, he changed his plea to not guilty, and was tried on June 23, 1953. In the meantime, the pre-sentence investigation had been completed.

On February 13, 1957, he petitioned for a writ of *habeas corpus*, alleging that he had been improperly returned to Delaware prior to his trial and, also, that evidence had been withheld by the Wilmington Police Department during his trial.

■■ The petition for habeas corpus was dismissed by the Superior Court on the authority of *Curran v. Woolley*, 9 *Terry* 382, 104 *A*. 2d 771, a decision of this court, holding that the writ of habeas corpus may not be used as a writ of error to review errors in the conduct of a trial. In the cited case, we held that after a judgment of conviction in a court of competent jurisdiction and a subsequent commitment pursuant thereto, a writ of habeas corpus may not be utilized by a prisoner to obtain his discharge if the judgment of the convicting court is legal on its face. The remedy of a prisoner for prejudicial error in his trial is by writ of error or, after the time for appeal has expired, by a motion for the correction of an illegal sentence under Criminal Rule 35, *Del. C. Ann.* We adhere to our decision in the *Curran* case and, since this prisoner was convicted in a court of competent jurisdiction, affirm the judgment of dismissal of his petition for habeas corpus.

This is sufficient to dispose of the appeal now before us but in view of the fact that the prisoner, an uneducated person, appears before us *in propria persona*, we think it is not amiss to make some observations on the merits of his contention. We do so, despite our belief that a motion under Rule 35 would be devoid of merit, with the hope of setting this matter at rest for the future.

The prisoner's principal complaint is that he was improperly rearrested by Delaware authorities after his release on bail and brought back to Delaware from Pennsylvania and made to stand trial. We hereafter outline the factual background leading to his complaint.

The prisoner was first arrested in the perpetration of the armed robbery for which he was indicted. As a matter of fact, he was disarmed and held in custody by his intended victim un-

til the arrival of the police. He was indicted by the Grand Jury of New Castle County and entered a plea of not guilty in November, 1952. On December 24, 1952, he was released on $2,500 bail. At this time, the prisoner, or his wife had arranged for his representation by Joseph Flanzer, Esquire, a member of the New Castle County bar. After his release on bail, the prisoner, while in Pennsylvania, was arrested by the Pennsylvania authorities for the violation of a Pennsylvania parole, and was committed to Berks County Prison, Reading, Pennsylvania.

The prisoner, or his wife, apparently believed he would receive a sentence for his Delaware crime of lesser duration than the eight years he faced in Pennsylvania as a parole violator. His attorney was requested to arrange for his return to Delaware to stand trial, either by the prisoner, himself, or by his wife, but advised against that move. Nevertheless, at the insistence of the prisoner, or his wife, his attorney arranged for the bondsman who was surety on the prisoner's Delaware bail bond to request the cancellation of that bond. A bail piece was thereupon executed, on the authority of which two Wilmington policemen, acting as agents for the bondsman, appeared at the Berks County Prison and took the prisoner into custody. This, obviously, was accomplished with the consent of the Pennsylvania authorities since the warden of the Berks County Prison turned the prisoner over to them. The prisoner was thereupon returned to Delaware.

On March 6, 1953, still with Mr. Flanzer as his attorney, the prisoner changed his plea in the Superior Court to guilty, and a pre-sentence investigation was ordered. On May 6, 1953, the prisoner again changed his plea, this time back to not guilty, whereupon Mr. Flanzer sought and was granted leave by the Superior Court to withdraw as his counsel.

On the same day, the Superior Court appointed Raymond L. Becker, Esquire, a member of the New Castle County bar, to represent the prisoner. Mr. Becker defended the prisoner at his trial. After his conviction and sentence, the prisoner apparently made

representations complaining of his defense. It does not appear precisely what his complaint was, but from the fact that he was arrested *flagrante delicto* we have no doubt but that it was inconsequential. Nevertheless, the Superior Court appointed Newton White, Esquire, a member of the New Castle County bar, to investigate the complaint and to determine if the prisoner had valid reasons for an appeal from his conviction. Mr. White reported to the Superior Court that the prisoner had received a fair trial, had been properly convicted, and that an appeal would be without merit. He was thereupon relieved of further representation of the prisoner.

Thereafter, on February 13, 1957, the prisoner petitioned the Superior Court for a writ of habeas corpus. The court appointed David B. Coxe, Jr., Esquire, a member of the New Castle County bar, to represent the prisoner and to present his petition. Mr. Coxe advised the prisoner that in his opinion his petition would be denied on the authority of the *Curran* case, but the prisoner nevertheless insisted that the petition be presented. After a hearing the Superior Court dismissed the petition.

The prisoner then filed in this court a paper designated a petition for habeas corpus, which we directed be treated as a *praecipe* for a writ of error and ordered the docketing of an appeal. Upon learning that Mr. Coxe had been permitted to withdraw from the representation of the prisoner, this court, on its own initiative, appointed Thomas S. Lodge, Esquire, a member of the New Castle County bar, to investigate the circumstances of the petition and to report to us his findings. On June 21, 1957, Mr. Lodge submitted his report to the effect that he had made an investigation of the circumstances from the time of the prisoner's arrest to the filing of his appeal, and that he had no grounds to maintain this appeal. Mr. Lodge thereupon requested and was granted authority to withdraw from the representation.

We then directed that the prisoner be notified of his right to proceed with his appeal *in propria persona,* and arranged

through the office of the Attorney General to have him present at the argument on his appeal.

The sole matter urged by the prisoner in support of his appeal is that he was improperly brought to Delaware from Pennsylvania, since he neither waived extradition, nor was any extradition sought by the State of Delaware.

In our opinion, no extradition was necessary since the prisoner was taken into custody by the agents of his bondsman acting under authority of a bail piece. It seems to be well established that a bondsman seeking to deliver to custody the person for whom he is responsible, and who has obtained a bail piece may pursue the fugitive to any place within the jurisdictional limits of the United States, and take him into custody. Such arrest is not an action by the State, and therefore no extradition is required. *Cf. Taylor v. Taintor*, 16 *Wall.* 366, 21 *L. Ed.* 287; *Fitzpatrick v. Williams*, 5 *Cir.*, 46 *F.* 2d 40; 6 *Am. Jur.*, Bail and Recognizance, § 115; Annotations in 73 *A. L. R.* 1369 and 3 *A. L. R.* 180.

We have thought it advisable to dispose of this appeal by means of an opinion, though the appeal is wholly devoid of merit and could have been disposed of summarily, in order to demonstrate its lack of even a fairly debatable point for argument. Furthermore, since it has become the current fashion for prisoners in our corrective institutions to abuse the process of habeas corpus, and related remedies, by repeated applications for freedom based upon unsupportable charges of foul play by the law enforcement authorities, we thought it desirable to set forth the circumstances fully, not only to demonstrate the lack of merit in the prisoner's contention, but also to point out the care and expense the State has been put to so that the fanciful nature of the prisoner's claim may be exposed.

The judgement below is affirmed.