Stephen D. GOLLA, Petitioner,

v.

W. Paul RHODES, Warden, New Castle County Correctional Institution, State of Delaware.

No. 13.

United States District Court
D. Delaware.

June 6, 1958.

William E. Wiggin (of Richards, Layton & Finger) Wilmington, Del., for petitioner.

Richard J. Baker, Deputy Atty. Gen., for the State.

CALEB M. WRIGHT, Chief Judge.

The petitioner is before this court on his application for a writ of habeas corpus.

He avers that on February 1, 1957 he filed a petition for a writ of habeas corpus in the Superior Court of the State of Delaware which was dismissed. On March 1, 1957 he appealed the dismissal to the Supreme Court of Delaware. The Delaware Supreme Court affirmed the judgment of the court below. Golla v. State, Del., 135 A.2d 137. Subsequently, on November 29, 1957 a petition for a

writ of certiorari to the Supreme Court of the United States was filed and on March 3, 1958 the writ of certiorari was denied. Golla v. Rhodes, 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 539.

The constitutional issue which the petitioner asserts is predicated on the fact that his conviction in the Delaware State courts was secured as a direct consequence of his removal from the Commonwealth of Pennsylvania in an unlawful manner without the required formalities of extradition and that accordingly, conviction, sentence and present detention, violate the due process clause of the Fourteenth Amendment.

The respondent has answered the petition for writ of habeas corpus. The answer asserts this court lacks jurisdiction by reason of the petitioner's failure to exhaust his State remedies [1] by neglecting to proceed under Rule 35 of the Rules of Criminal Procedure of the Superior Court of the State of Delaware, Del.C.Ann., providing post-conviction relief. The respondent also contends the method employed in the prisoner's removal from Pennsylvania to Delaware did not contravene the petitioner's fundamental rights guaranteed by the due process clause of the Fourteenth Amendment, since the petitioner was returned on authority of a bail peace executed by the surety on the petitioner's bond.

The jurisdictional issue can be resolved by reference to the opinion of the Delaware Supreme Court on the petitioner's appeal from the dismissal by the Superior Court of his petition for writ of habeas corpus.[2] While the Supreme Court dismissed the appeal on the grounds habeas corpus was not the proper remedy and that a motion for the correction of an illegal sentence under Rule 35 of the Criminal Rules of the Superior Court was, the court proceeded to review the petition on its merits and made it plain that an application for relief under Rule 35 would be devoid of merit under its interpretation of the applicable law. In effect, the Delaware

1. See 28 U.S.C.A. § 2254.

2. Golla v. State, Del.1957, 135 A.2d 137.

Supreme Court treated the appeal as a proceeding under Rule 35. Thus it is evident the petitioner has exhausted his State remedies and has properly invoked the jurisdiction of this court.[3]

In order to determine whether the method employed to remove the petitioner from Pennsylvania to Delaware constitutes a denial of due process, it is only necessary to assume the facts as set forth in the petitioner's application for writ of habeas corpus filed in this action. The facts as averred briefly are as follows: The petitioner was arrested in Wilmington, Delaware by the city police and was charged with the crime of assault with intent to rob; he was released on bail of $2,500; thereafter, the petitioner returned to his home in Reading, Pennsylvania where he was subsequently arrested by the Pennsylvania authorities for violation of a Pennsylvania parole and committed to the Berks County Prison, at Reading, Pennsylvania; the Pennsylvania authorities released the prisoner to two Wilmington police officers who returned him to Delaware for trial. Petitioner further avers he was handcuffed and forcibly returned to Delaware in spite of his most strenuous objections.

 Assuming all the facts as set forth in the petitioner's application to this court to be true, I cannot distinguish this case from Frisbie v. Collins.[4] In the Frisbie case the petitioner alleged while living in Chicago, Michigan officers forcibly seized, handcuffed, blackjacked and took him to Michigan. The Supreme Court affirmed the District Court which dismissed the petition for writ of habeas corpus on the grounds the state court had power to try the respondent "regardless of how his presence was procured." Mr. Justice Black delivering the opinion of the court said:[5]

"This Court has never departed from the rule announced in Ker v. [People of State of Illinois], 119

U.S. 436, 444 [7 S.Ct. 225, 229, 30 L.Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' * * *"

Mere irregularities in the manner in which a person is secured for the purpose of trial do not contravene the due process clause of the Fourteenth Amendment and thus do not invalidate his conviction, if the elements of a fair trial in accordance with constitutional procedural safeguards are thereafter observed.

The writ should not issue.

The respondent may prepare an order in accordance herewith.

---

3. See Concurring opinion of Mr. Justice Rutledge in Marino v. Ragen, 1947, 332 U.S. 561, 563, 68 S.Ct. 240, 92 L.Ed. 170.

4. 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L. Ed. 541.

5. 1952, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541.