## Commonwealth ex rel. Galascewski v. Myers

*Stephen D. Galascewski*, p.p., relator.

SHEA, J., December 28, 1961.—Stephen D. Galascewski, relator, in propria persona, filed a petition for

a writ of habeas corpus against the superintendent of the State Correctional Institution, Graterford, Pennsylvania.

The petition alleges, in substance, that in April 1942, relator, after pleading guilty to multiple charges of armed robbery, was sentenced by this court to a combined sentence bearing a minimum of eight years and a maximum of 16 years. The effective date of the sentence was December 3, 1941. On the expiration of relator's minimum sentence on December 3, 1949, he was paroled, but in February, 1953, he was returned as a technical parole violator. Then on March 4, 1953, "Pennsylvania authorities released him to the authorities of the State of Delaware". The details surrounding relator's transfer to the State of Delaware and the date of his return to the State Correctional Institution in Graterford do not appear from the petition. It is alleged, however, that relator is now being detained as a convicted parole violator. We must assume, therefore, that a conviction and sentence took place in the State of Delaware and that relator's present confinement here as a convicted parole violator followed that conviction and sentence. This interpretation of relator's petition is supported by a decision rendered in proceedings brought by relator while detained in the State of Delaware. See Golla v. Rhodes, 162 F. Supp. 589.

On the basis of the aforesaid allegations, relator contends (1) that his release to the Delaware authorities constituted a release from the remaining portion of his original sentence and (2) that, in any event, he cannot now be detained beyond the expiration date of his original maximum sentence which was originally fixed as December 3, 1957. Both of these contentions are without merit.

In section 1 of the Act of June 22, 1931, P. L. 862, 61 PS §305, the legislature of the Commonwealth of Pennsylvania has provided:

"If any convict released on parole . . . shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole. . ."

The above statutory provisions apply regardless of the State of jurisdiction in which the parolee commits the crime: Commonwealth ex rel. Harman v. Burke, 171 Pa. Superior Ct. 547. Thus it is clearly within the contemplation of the statute that a paroled convict shall stand trial and be sentenced for crimes committed in another State while he is on parole, and jurisdiction of the parole board is not lost by surrendering the custody of the parolee to authorities in another State for trial, conviction and sentence in connection with such an offense: Lancaster v. Governor of Pennsylvania, 67 Dauph. 126.

However, it is for the State sovereignty granting the parole, and not for the prisoner, to determine priority of jurisdiction over him when he violates his parole by the commission of an offense under the law of another jurisdiction: United States ex rel. Pavloc v. Chairman of Board of Parole for Commonwealth of Pennsylvania, 81 F. Supp. 592.

Relator's contention that he cannot now be detained

beyond the expiration date of his original maximum sentence is equally without merit. The time that relator was out on parole is not to be regarded as imprisonment to be credited on his sentence when he is recommitted for commission of a crime while on parole: Stens v. Ashe, 86 F. Supp. 317; Commonwealth ex rel. Nerwinski v. Cavell, 186 Pa. Superior Ct. 627; Commonwealth ex rel. Brawner v. Day, 181 Pa. Superior Ct. 568; Commonwealth ex rel. O'Leary v. Ashe, 152 Pa. Superior Ct. 322. Under such circumstances the cited statutory provisions require that the convict be imprisoned for the remainder of the term of his original sentence which was not served when the parole was granted, and no credit may be allowed for the time he was out on parole and not delinquent: Commonwealth ex rel. Kent v. Smith, 323 Pa. 89; Commonwealth ex rel. Dixon v. Johnston, 188 Pa. Superior Ct. 595; Commonwealth ex rel. Carmelo v. Burke, 168 Pa. Superior Ct. 109. Although such a computation of the sentence may alter the expiration date as originally set, it does not extend the duration of the maximum sentence imposed on relator, which in this case is 16 years: Commonwealth ex rel. Carmelo v. Burke, supra. Thus under the circumstances presented here, relator cannot complain that he is being detained beyond the expiration date of his original sentence.

One other matter should be given brief consideration. In the event relator has other complaints not raised here regarding any alleged failure of the Pennsylvania Board of Parole to give him credit for time served, he should pursue his remedy by mandamus action instituted against the board in the Court of Common Pleas of Dauphin County: Commonwealth ex rel. Gainer v. Myers, 51 Berks, 107.

Since the petition before us and the record on which it is based fail to make out a case clearly entitling relator to the relief afforded by habeas corpus, a hear-

ing is not necessary: Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489; Commonwealth ex rel. Shultz v. Myers, 182 Pa. Superior Ct. 431. Accordingly, the petition will be summarily dismissed.

Wherefore, now, December 28, 1961, at 2:30 p.m. (EST), the prayer of the petition is denied.