HENDRY, Judge.
Defendant appeals the conviction entered in the Criminal Court of Record in and for Dade County, Case No. 68-5542, for buying, receiving, or aiding in the concealment of stolen property. Defendant contends error was committed in the introduction into evidence of certain jewelry, over timely objections, because of an illegal arrest. He urges that the trial court could not issue an “alias capias” for his arrest, at the request of the bonding company, where no information had been filed against him and no capias had earlier been issued. The prosecution argues that the trial judge had authority to set and revoke bond upon application by the bondsman prior to the filing of an information.
The appeal is brought against the following factual background. The defendant was in Dade County Jail on September 17, 1968, being held for the Federal Commissioners, and according to the customary procedure at the jail, could not have been served with an arrest warrant. On that date, the Dade Criminal Court of Record *173 issued the “alias capias”, pursuant to a bondsman’s request to recommit defendant under the bail bond in Case No. 68-4748 before that court. Two days later, an information was filed in Case No. 68-4748. Defendant was released from the Federal “hold” in the county jail on September 25.
On October 3, someone told the arresting officer that defendant could be found at a certain address. The officer verified with the records section of the Public Safety Department that there was an outstanding warrant against defendant for receiving and concealing stolen property (Dade Criminal Court of Record, Case No. 68-4748). Another officer was called in to assist, and plainclothesmen working on similar cases were advised of the forthcoming arrest of defendant at a certain address.
Despite conflicts in testimony, the trial court credited testimony by the police officers that an officer advised defendant that there was an outstanding warrant, and that he was therefore under arrest. Defendant went to the bedroom to get dressed, followed by the arresting officer. Shortly, all four policemen were in that bedroom when some jewelry in a plastic bag fell out of a shoe defendant was trying to put on his foot. The detectives arrested him for receiving and concealing stolen property consisting of the jewelry which fell out of the shoe, which is the charge now being appealed.
Defendant argues that the outstanding warrant bearing the legend “alias capias” is a nullity. Defendant testified that he did not invite any of the officers inside, and that the bag of jewelry fell out of a pair of shoes belonging to one of several other persons living at the house. Also, one of the other residents was later charged with breaking and entering, and there was paraphernalia from that burglary in the house at that time. Defendant testified he knew nothing at all about the jewelry.
A trial judge has authority to issue a capias before an information is filed. Section 903.03(1), Fla.Stat, F.S.A. Gossett v. Hanlon, Fla.App.1967, 195 So.2d 865, 868-869 illustrates that a trial judge has broad ancilliary jurisdiction to determine matters before an information is filed, and particularly with regard to bail.
That the warrant was captioned or labeled “alias capias” is not fatal to the validity of the warrant where no first capias was issued. An alias writ is
“A second or further writ issued after a first had failed of its effect, so called from the words Sicut alias praecipimus (as we on another occasion command) which occurred in it * * * 1768 Blackst. Comm. III.135 To delay his obedience to the first writ, and * * * wait till a second and a third, called an alias and a pluries, were issued * * *
—1 Oxford English Dictionary (1933 ed.) 218.
The case which defendant cites, Schmidt v. Schmidt, 108 Mont. 246, 89 P.2d 1020, 1021 (1939) upheld a writ denominated an “alias writ” as a statutory writ, for that was its substance. Authority for upholding the validity of the arrest warrant is found in the Florida Rules of Criminal Procedure, 33 F.S.A., Rules 1.121(c) and for analogous provisions see also 1.140(j) and (o):[1]
The bonding company was within its legal authority to request that a capias be issued. The Florida Supreme Court in Register v. Barton, Fla., 75 So.2d 187, at 188, adopted the statement of the common law made by the United States Supreme Court in Taylor v. Taintor (1873), 16 Wall. 366, 21 L.Ed. 287:
“One under bail is in the vicarious custody of his bondsman whose dominion is a continuance of the original imprisonment and the principal may be appre *174 hended by his bondsman even under extreme circumstances.”
Illustrating such “extreme circumstances” is Golla v. State of Delaware, 11 Terry 497, 135 A.2d 137, 139 (1957), cert. den. 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 539 (1958); see also Golla v. Rhodes, 162 F.Supp. 589 (D.Del., 1958), and see United Bonding Ins. Co. v. City Court of City of Tucson, 6 Ariz.App. 462, 433 P.2d 642 (1967).
Affirmed.

. See § 901.05, Fla.Stat.1967, F.S.A., which the Rule replaced; and Florida Bar, Continuing Legal Education, Florida Rules of Criminal Procedure (1968 rev.) pp. 2.1-2.2, and 2.13.