531 P.2d 536

The STATE of Arizona ex rel. Moise BERG-
ER, Maricopa County Attorney,
Petitioner,

v.

Honorable Philip W. MARQUARDT, Judge of
the Superior Court of the State of Arizona,
In and For the County of Maricopa; Rich-
ard A. GOLDSMITH, and Midland Insur-
ance Company, Real Parties In Interest,
Respondents.

No. 11738.

Supreme Court of Arizona,
In Banc.

Feb. 6, 1975.

Moise E. Berger, Maricopa County
Atty., by Q. Dale Hatch, Deputy County
Atty., Phoenix, for petitioner.

Smith & Johnson by Rodney G. Johnson,
Phoenix, for respondent Marquardt.

HOLOHAN, Justice.

The Respondent, Midland Insurance
Company, became surety on an appearance
bond in the amount of $20,000 for one
Richard A. Goldsmith. On the date set for

his trial Goldsmith failed to appear, and a bench warrant was issued for his arrest.

Approximately two weeks after Goldsmith's failure to appear, upon motion of the County Attorney, the Respondent trial judge ordered the Respondent bonding company to show cause why the bond should not be forfeited.

At the hearing, Goldsmith was not produced, nor was the bonding company able to offer any excuse or explanation except that Goldsmith was a fugitive. Despite this state of the record, the Respondent judge stated that he would order the bond forfeited, but the amount payable under the bond would be held by the clerk subject to the trial court's further order. This decision was confirmed by formal findings of fact and conclusions of law which provided in part:

"5. The Court finds that defendant Goldsmith has a history of bond jumping; that he has been able to avoid apprehension by law enforcement authorities on a previous warrant for his arrest; that the individual or individuals most likely to be able to produce the body of the defendant are the local bail bondsmen or their agents who are personally liable on the bond.

"6. That if this Court orders all monies to be paid to the general treasury rather than retaining jurisdiction over same, the inducement to the bail bondsmen will be negligible, to assert personal effort to return the defendant to this Court for sentencing. That with the inducement of all or partial return of the forfeited bond, the presence of the defendant will more likely be secured.

### "CONCLUSIONS OF LAW

"1. The Court has the inherent authority to retain its control over all or part of a forfeited bond and the Court retains the discretion to refund all or part of said bond to the bonding company in order to secure the presence of the absent defendant for which that bond

was posted after said bond has been forfeited.

"2. That the length of time that the Court retains control of the proceeds of the forfeited bond and the disposition of same, is within the sole discretion of the Court."

The State filed this Petition for Special Action contending that the Respondent judge had exceeded his authority in deciding to retain control over the bond rather than following the procedure set forth in the Rules of Criminal Procedure.

The procedure for violation of any conditions of an appearance bond is outlined in Rule 7.6(d) of the Arizona Rules of Criminal Procedure, 17 A.R.S.:

"Forfeiture. If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforcible by the prosecutor as any civil judgment."

As noted in the comments to Rule 7.-6(d), this section streamlines into one proceeding the forfeiture stages under the old criminal rules. 1956 Ariz. Rules of Criminal Procedure, Rules 70–75.

■ The only discretion vested in the trial court relates to 1) determining whether there is an explanation or excuse for the defendant's absence and 2) the amount of judgment to be entered if the violation is not explained or excused.

No authority is granted to condition a judgment upon further efforts to locate a defendant, nor is authority given, in effect, to suspend a judgment and thus thwart the prosecutor's right to enforce a forfeiture as any civil judgment. The Respondent judge was in error in holding that he had inherent authority to retain control over the bond.

This Court has defined the limits of the trial judge's authority over bail bonds in specific terms within the criminal rules. With the authority of the trial judge defined, his only duty is to follow the rules.

 The limit of the court's discretion is clear. Either the judge accepts the explanation for the absence and declines to enter judgment or he finds no excuse and enters an appropriate order of forfeiture as to all or part of the bond.

No explanation or excuse was offered at the show cause hearing to relieve the surety's obligation to produce the defendant. The bonding company, in becoming surety on the appearance bond, assumed the risk of the defendant's failure to appear. United Bonding Insurance Co. v. City Court, 6 Ariz.App. 462, 433 P.2d 642 (1967). By entering an order forfeiting the bond and retaining control over it, the trial judge exceeded the limits of discretion outlined in Rule 7.6(d).

While this cause was pending, but before this Court heard the matter, the Respondent trial judge entered an order directing the Respondent bonding company to deposit with the clerk of the superior court a check in the amount of the bond payable to the trial court. The order directed that the clerk hold the check until further order.

Needless to say the trial court has no authority inherent or otherwise to make such an order, nor does the foregoing procedure change the obligation of the trial court to follow the procedure outlined in the criminal rules.

It is, of course, understandable that the trial court may wish to encourage the bondsmen to find and produce the fugitive. Whether bondsmen are more likely to produce a fugitive than law enforcement officers is not relevant to the issues of this case. We do note that the record in this case fails to support the finding that bondsmen are more successful than others in locating fugitives, nor were we cited any authority in support of the trial judge's position. In any event, the incentive to locate the fugitive remains because, as pointed out in the comment to Rule 7.6(d), the surety may proceed under Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., to set aside the judgment if a proper showing can be made.

The orders of the trial court forfeiting the appearance bond, subject to further orders of the court, are vacated. The matter is remanded to the trial court with directions that the court enter an appropriate order of judgment forfeiting the full amount of the bond.

Relief granted.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.