670 P.2d 1175

The STATE of Arizona,
Plaintiff/Appellee,

v.

SURETY INSURANCE COMPANY OF
CALIFORNIA, Defendant/Appellant.

No. 2 CA–CIV 4610.

Court of Appeals of Arizona,
Division 2.

May 27, 1983.

Rehearing Denied Aug. 8, 1983.

Review Denied Oct. 12, 1983.

Stephen D. Neely, Pima County Atty. by Ann L. Kirkpatrick, Tucson, for plaintiff/appellee.

Stewart & McLean, Ltd. by Harry A. Stewart, Jr., Scott A. Stewart and William H. McLean, Phoenix, for defendant/appellant.

OPINION

HATHAWAY, Judge.

The question on appeal is whether it was error for the superior court to amend a 1978 judgment of bail bond forfeiture, nunc pro tunc, to include appellant, Surety Company. We find that it was not and affirm.

Greg C. Yocum appeared as principal and appellant as surety on a $33,000 bail bond given for Yocum's release pending criminal proceedings. On October 21, 1977, Yocum was convicted in Pima County of second degree conspiracy, unlawful sale of mari-

juana and unlawful transportation of marijuana in cause number A–31732. Yocum was continued at liberty on the bond, but upon his failure to keep a probation department appointment, an order to show cause why the bail bond should not be forfeited, was scheduled and noticed. Appellant appeared at the hearing through counsel. On February 21, 1978, the court, through minute entry, ordered:

"IT IS ORDERED that the petition to forfeit bond is granted. IT IS FURTHER ORDERED that Pima County is entitled to judgment against the defendant, Greg Courtland Yocum, and against the Surety Insurance Company of California (Dick Garcia, agent).

The Court directs Mr. Higgins to prepare a form of judgment for the Court's signature."

Formal judgment entered on March 27, 1978, stating:

"It is hereby ordered, adjudged and decreed that said bond posted herein by Defendant *Greg Courtland Yocum* is forfeited in the amount of $33,000 and any amount over that stated sum which may have been posted, pledged or promised is exonerated."

In May of 1982, appellee reviewed its records and discovered that $33,000 was due and owing on the judgment. Appellee made demand on Richard Garcia, agent for appellant, for the amount of the judgment on May 19, 1982. Appellant moved to exonerate the bond and for remission of bail forfeiture and judgment, or in the alternative, to set aside and vacate the judgment. After hearing, the matter was taken under advisement and the court determined that through the minute entry order of February 21, 1978, the order of forfeiture ran against Yocum and appellant and appellee was entitled to judgment against both. The court found that the signed judgment of March 27, 1978, did not comply with the minute entry order of February 21, 1978. The court stated, in its minute entry of August 3, 1982:

"If a verdict and judgment, because of a clerk's act, do not respond to a decision and directions made by a trial court, the trial court may at a subsequent term amend the judgment as against parties to suit, by a nunc pro tunc entry to make it accord with decision rendered at former term. *Webb v. Western Reserve Bond and Share Company, 115 Ohio St. 247, 153 N.E. 289.* The correction of clerical errors in the record of judgments may take the form of amendments striking out the names of parties who ought not to have been included, or inserting the names of parties who ought to have been included.

\*        \*        \*        \*        \*        \*

THEREFORE, IT WILL BE ORDERED NUNC PRO TUNC AS OF MARCH 27, 1978, that the Judgment (Bond Forfeiture dated March 27, 1978) will be amended to conform with the court's minute entry of February 21, 1978, so that it may include that judgment be entered against the defendant, Greg Courtland Yocum, and Surety Company of California."

Formal judgment was accordingly entered on August 23, 1982.

Appellant argues that appellee's failure to include appellant on the judgment for the bond forfeiture was not due to clerical error. We disagree. The minute entry order of February 21, 1978, specifically ordered appellee's entitlement to "judgment against the Defendant, Greg Courtland Yocum, and ... Surety Insurance Company of California (Dick Garcia, agent)." Moreover, the formal judgment ordered forfeiture of the "bond posted herein by defendant *Greg Courtland Yocum* ..." It would appear that the order clearly identified the bond that was to be forfeited. Any failure to specify in that order that the forfeiture was also to operate against the surety seems a niggling over technicalities. The bond was forfeited and the principal and surety responsible thereon knew where they stood in light of the forfeiture. This appears to be confirmed through the sworn testimony given by appellant's agent on October 31, 1978, in Greenlee County in foreclosure proceedings on collateral security furnished in connec-

tion with the surety appellant's undertaking:

"(Examination by Mr. Stewart):

Q. Mr. Garcia, would you please state your name in full, please.

A. Richard W. Garcia.

Q. And you are the owner of the Garcia Bail Bond?

A. Yes, sir.

Q. And as such you are agent for the Surety Insurance Company; is that correct?

A. Yes, sir.

Q. As such did you post a bond in the sum of $33,000 for the appearance and attendance at Court in Superior Court case No. A–31732 in Pima County for Greg Yocum?

A. Yes, sir.

Q. Did he ultimately fail to appear for sentencing in that particular case, and was that bond then forfeited and Surety Insurance Company has been required to pay it.

A. Yes, sir."

Rule 60(a), Arizona Rules of Civil Procedure, provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omissions may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders. During pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

Appellant's contention that it was incumbent upon appellee to move to alter or amend the judgment within 15 days after March 27, 1978, pursuant to Rule 59(*l*), Arizona Rules of Civil Procedure, is without merit. In the instant case, there is no amendment to the substance of the judgment dated March 27, 1978. The nunc pro tunc order of August 3, 1982, simply conformed a judgment to the clear language of the preceding minute entry order which specifically named appellant as included within the court's judgment. Cf., *Ibach v. Ibach,* 123 Ariz. 507, 600 P.2d 1370 (1979), approving the nunc pro tunc entry of a judgment as an appropriate correction of clerical error, "since the failure to enter an appropriate judgment cannot be attributed to judicial discretion."

■ Appellant contends that shortly after the bond forfeiture was entered against Yocum on March 27, 1978, Yocum's convictions were reversed and remanded to superior court for a new trial. The mandate was issued on October 17, 1978, and Yocum thereafter entered negotiations with the state on the reinstated charges. An agreement was ultimately reached between the state and Yocum. Yocum performed what was required of him under the agreement and subsequently the charges against him were dismissed upon the state's motion on March 30, 1979. It is argued that during this time frame, appellee had no formal or binding judgment against appellant and that when Yocum's case was dismissed in March of 1979, any issue regarding appellant's liability on the bond was ended. The difficulty with appellant's argument is that any defect in the forfeiture during the period in question was occasioned through clerical error. The nunc pro tunc correction of the formal bond forfeiture judgment corrected that clerical error and caused the amended formal nonforfeiture judgment to speak the true judgment of the court, i.e., the inclusion of appellant on the bond forfeiture. Thus, subsequent activities bearing on the merits of the final resolution of Yocum's case have no bearing on the basis for the forfeiture of the bond which was posted to ensure Yocum's appearance as ordered. His failure to fulfill his obligations of appearance triggered the bond forfeiture proceedings and served as a basis therefor, separate and apart from any questions of his guilt, innocence or plea bargaining activities.

■ In becoming surety on an appearance bond, the bonding company assumes the risk of the defendant's failure to ap-

**354**

pear. *State ex rel. Berger v. Marquardt,* 111 Ariz. 413, 531 P.2d 536 (1975).

█ Finally, appellant complains that the amended judgment of bond forfeiture still fails to direct that judgment be entered against appellant and is thereby void. We disagree. Rule 7.6(d) of the Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

"Forfeiture. If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, *the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforceable by the prosecutor as any civil judgment.*"

The comment to Rule 7.6(d), notes that the section combines into a single proceeding what had been encompassed within the more cumbersome procedure of the 1956 Arizona Rules of Criminal Procedure, as amended, Rules 70–75. Thus, appellant's concern that the amended judgment of bond forfeiture is deficient, is without merit. It conforms to the requirement of Rule 7.6(d) of the Arizona Rules of Criminal Procedure and is enforceable by the prosecutor as any civil judgment.

Affirmed.

HOWARD, C.J., and HARRY GIN, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself from consideration of this matter, Judge HARRY GIN was called to sit in his stead and participate in the determination of this decision.