844 P.2d 1174

**The STATE of Arizona,
Plaintiff/Appellee,**

v.

**Pablo Jimenez NUNEZ, Gabriel Peraza–Renteria, and Juan Ramon Izzaguirre,
Defendants/Appellants.**

**No. 2 CA–CV 92–0071.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 17, 1992.

As Corrected Jan. 12, 1993.

Stephen D. Neely, Pima County Atty. by Christopher J. Roads, Tucson, for plaintiff/appellee.

Fernando X. Gaxiola and T.S. Hartzell, Tucson, for defendants/appellants.

OPINION

DRUKE, Presiding Judge.

Appellants, Pablo Jimenez Nunez, Gabriel Peraza–Renteria, and Juan Ramon Izzaguirre, appeal the forfeiture of their appearance bonds in the underlying criminal action. The bonds were ordered forfeited on December 11, 1991, following a hearing before a court commissioner. Judgment forfeiting the bonds was entered on the same date.

Appellants filed a notice of appeal on December 13, 1991. This court has jurisdiction pursuant to A.R.S. § 12-2101(B).

FACTS AND PROCEDURAL
BACKGROUND

Appellants were arrested on December 20, 1990, and charged with possession of

marijuana for sale. All three appeared before a magistrate for their initial appearance on December 20, 1990, and bond was set for each at $30,000. On December 28, 1990, appellants and others were indicted for possession of marijuana for sale. All appellants were arraigned on January 4, 1991, and the court set a pretrial conference for March 1.

On January 24, appellant Izzaguirre filed a motion to modify conditions of release to reduce the bond previously set. The motion was granted and bond was reduced to $10,000. On February 4, Izzaguirre posted the $10,000 cash bond through his agent, Fernando X. Gaxiola, and was ordered released from custody on that date.

On March 1, appellants' pretrial conference was held, at which Nunez and Peraza–Renteria were present and in custody and Izzaguirre was not present, his presence waived. The court set status conferences for March 8 and 29 and set a trial date for April 2. The court specifically held that Izzaguirre need not appear at the status conferences. The March 8 status conference was reset to March 12, at which the court vacated the April 2 trial date and reset it for May 7.

On April 24, Fernando X. Gaxiola, as agent for Jesus Camacho, posted cash bonds of $30,000 each for Peraza–Renteria and Nunez, and both were released from custody on that date.

Status conferences were held without appellants present on May 1 and 6. At the May 1 status conference, the state informed the court that appellants had bonded out and might not be present for trial, currently set for May 7. The court ordered a hearing for May 6 on appellants' motion to continue at which the trial court vacated the May 7 trial date and reset it for June 11, expressly finding that extraordinary circumstances existed and the delay was indispensable to the interests of justice. The court ordered a May 16 hearing on all pending motions.

On May 13, the court set a hearing regarding bond forfeiture to be heard on May 16 and ordered all defense counsel to be present. On May 15, a motion to continue the motions hearing date and trial date were heard. The court granted both motions, resetting the May 16 motion hearing to May 23 and resetting the June 11 trial date to July 16. Additionally, the court issued bench warrants for all defendants.

On May 16, the hearing regarding bond forfeiture was held. The trial court stated in its minute entry, "[a]s to defendant Izzaguirre, IT IS ORDERED referring the matter to the Court Commissioner hearing bond forfeitures to set up a bond forfeiture hearing."[1] There is no evidence of any such referral for Peraza–Renteria and Nunez. For reasons unknown, the bond forfeiture hearing for Izzaguirre was not scheduled.

On May 23, the state orally moved for a bond forfeiture hearing as to Nunez. The court ordered as to Nunez only that the matter be "referred to the Court Administrator to set a hearing before the Court Commissioner on Monday, September 9, 1991 at a time to be determined by the Court Administrator."[2] No hearing was ever set. There is no evidence of any such referral for Peraza–Renteria.

At a July 3 status conference, the trial court confirmed a trial date of July 17 and a hearing on pending motions for July 16. On July 16, several motions were argued to the court, including motions to suppress evidence. On July 17, the court suppressed evidence against appellants and the state moved to dismiss the case against them. The court granted the motion to dismiss with prejudice. At the time of the dismissal, no bond forfeiture hearings had been scheduled and none of appellants' bonds had been forfeited.

On August 6, appellants moved to exonerate their bonds. A status conference was set for September 11. At that hearing, the court ordered that the matter be

---

**1.** The record does not reflect exactly what condition of Izzaguirre's appearance bond had been violated.

**2.** Again, the record does not reflect exactly what condition of Nunez's appearance bond had been violated.

set before a court commissioner on December 11, and that the state file a written motion for forfeiture of the bonds on or before September 20, which it did. At the December 11 hearing, the commissioner ruled it irrelevant that the indictments against Izzaguirre, Peraza–Renteria, and Nunez had been dismissed and ordered the subject bonds forfeited.

### BOND FORFEITURE

Appellants contend that because the indictments against them were dismissed with prejudice prior to trial and prior to their bonds being forfeited, they are entitled by law to have their bonds exonerated. Appellants cite *United Bonding Insurance Co. v. City Court of City of Tucson,* 6 Ariz.App. 462, 433 P.2d 642 (1967), for the proposition that the "termination of [a] prosecution before forfeiture of [an appearance] bond would ... terminate [an appellant's] liability on the bond." *Id.* at 464, 433 P.2d at 644. *See also* 8 Am.Jur.2d *Bail and Recognizance* § 120 (1964); *State v. Sanders,* 85 Ariz. 217, 335 P.2d 616 (1959) (Bernstein, dissenting). Additionally, appellants rely on Ariz.R.Crim.P. 7.6(e) and 16.5(e), 17 A.R.S., to support this conclusion. Rule 7.6(e) plainly states:

> **e. Exoneration.** At any time that the court finds that there is no further need for an appearance bond, it shall exonerate the appearance bond and order the return of any security deposit.

Also, Rule 16.5(e) provides:

> **e. Release of Defendant; Exoneration of Bond.** When a prosecution is dismissed, the defendant shall be released from custody, unless he is in custody on some other charge, and any appearance bond exonerated.

Appellants argue that the state terminated the prosecutions against them when the court granted its motion to dismiss their cases and because their bonds had not been forfeited at that time, they were entitled to have them exonerated. Furthermore, appellants contend that Rules 7.6(e) and 16.5(e) mandate an exoneration of their appearance bonds once the cases against them were dismissed. We agree.

■ The primary purpose of an appearance bond is to assure the defendant's presence at the time of trial. *United Bonding,* 6 Ariz.App. at 464, 433 P.2d at 644. The charges against appellants having been dismissed prior to trial indicates that there was no further need for their appearance bonds. The trial court was required by Rules 7.6(e) and 16.5(e) to exonerate appellants' appearance bonds.

The state argues, however, that before appellants' liability on the bonds could be terminated, *United Bonding* requires the "abandonment of the prosecution prior to the [appellants'] default." *Id.* at 464, 433 P.2d at 644. The state contends that because appellants defaulted on their appearance bonds when warrants issued for their arrest on May 15, which was over two months prior to the time their charges were dismissed, they were precluded from having their bonds exonerated based on termination of the prosecution.

■ At the time *United Bonding* was decided, a forfeiture was entered immediately upon a violation of an appearance bond. Arizona law now requires that a hearing be held before an appearance bond is forfeited. Rule 7.6(d). Since no forfeiture hearing was held prior to the dismissal of appellants' cases, they were entitled to have their bonds exonerated.

The state also argues that bond forfeiture proceedings are independent of the underlying criminal case, and therefore it is irrelevant that the charges against appellants were dismissed prior to their bonds being forfeited. The state cites *State v. Surety Insurance Co. of California,* 137 Ariz. 351, 670 P.2d 1175 (App.1983), for this proposition. However, we find the facts of that case distinguishable and not controlling. In *Surety Insurance,* this court held that subsequent activities (*i.e.,* those occurring *after* forfeiture) bearing on the merits of the final resolution of a defendant's case have no effect on the basis for the forfeiture of an appearance bond. *Id.* at 353, 670 P.2d at 1177. The present case deals with activities *prior* to appellant's bonds

being forfeited and thus the holding of *Surety Insurance* is not dispositive.

Finally, the state asserts that the date when the bond forfeiture judgments were actually entered should not be a deciding factor in comparison to the date the charges were dismissed. The state argues that the correct comparison is whether appellants defaulted on their appearance bonds prior to the date of dismissal. It asserts that this is the correct comparison because it was precluded by A.R.S. § 13–3973 from obtaining an order forfeiting appellants' bonds prior to the charges against them being dismissed, and therefore the fact that the cases against appellants were dismissed prior to forfeiture should not preclude it from obtaining forfeiture after dismissal. A.R.S. § 13–3973 states:

> If at any time it appears to the court that a condition of the appearance bond has been violated, the court shall require the parties and any surety to appear and show cause why a warrant should not issue for the arrest of the defendant, setting a hearing on the alleged violation within ten days. If at the hearing, the violation is not explained or excused, the court may issue a warrant for the arrest of the defendant and shall set a date not less than ninety nor more than one hundred eighty days thereafter for a forfeiture hearing.

(Emphasis added.) The state argues that because warrants issued for appellants on May 15, it was not allowed to obtain a judgment of forfeiture until mid-August, a month after the charges were dismissed. The state asserts that because it was required to wait the ninety days, it should not be precluded from obtaining the forfeiture merely because in the interim the cases against appellants were dismissed.

While we agree that A.R.S. § 13–3973 precludes the state from obtaining a bond forfeiture for ninety days after a warrant issues, the statute is of no help to the state in this case. A.R.S. § 13–3973 clearly re-

quires the court to hold the forfeiture hearing within the window period of 90 to 180 days after it issues "a warrant for the arrest of the defendant...." Here, warrants were issued by the court on May 15, 1991, and thus, the forfeiture hearing should have been held not "more than 180 days thereafter...." That hearing was set for and took place on December 11, 1991, some 210 days after the warrants issued, in violation of A.R.S. § 13–3973.[3]

## CONCLUSION

At the time charges against appellants were dismissed, their appearance bonds had not been forfeited; therefore, it was error for the court commissioner to order appellants' bonds forfeited after the dismissal. The order of the court commissioner is vacated and the trial court is directed to enter an order exonerating appellants' bonds.

FERNANDEZ and HATHAWAY, JJ., concur.

---

**3.** Additionally, the record reflects that Jesus Camacho, surety on Nunez's and Peraza–Renteria's bonds, was not notified of the May 15 hearing as required by A.R.S. § 13–3973 and, therefore, with regard to these bonds there were additional violations of § 13–3973.