[Civ. No. 48418. Second Dist., Div. Four. Dec. 7, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ARGONAUT INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Bledstein & Lauber, I. Mark Bledstein and W. L. Barbian for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

KINGSLEY, Acting P. J.—Appellant Argonaut Insurance Company appeals from an order denying its motion to set aside the forfeiture of a bail bond and to exonerate that bond. We affirm.

Appellant issued and filed its bail bond, insuring the appearance of defendant Solorzano. Before the date for his appearance in the trial court, he was deported to Mexico. On his nonappearance, the bond was forfeited; Argonaut filed the statutory motion for relief (Pen. Code, § 1305), which was denied.

Argonaut contends that the fact that Solorzano was deported created such an impossibility as to entitle it to exoneration. In support of that contention it relies on two theories; (1) that, although section 1305 of the Penal Code does not, in terms, include the deportation of a defendant as a ground for exoneration, the case of *People* v. *Meyers* (1932) 215 Cal. 115 [8 P.2d 837], recognized a comparable ground; and (2) that, in any event, it is entitled to exoneration on the statutory ground that Solorzano is "unable to appear due to . . . detention by civil or military authorities. . . ."

## I

In *Meyers,* the defendant's presence had been prevented by the action of another county of this state. We need not decide whether prevention of appearance by some governmental agency not a part of, or under the control of, this state creates the kind of impossibility involved in *Meyers.* ▉ The record before the trial court, and before us, does not show that the deportation order involving Solorzano made it impossible for Argonaut to produce him in court. Administrative procedures exist whereby execution of the deportation order could have been stayed and Solorzano's appearance in the trial court made possible. Argonaut does not claim that it attempted to invoke those procedures. Absent any attempt to secure such a stay, Argonaut cannot claim that the deportation order, itself, rendered compliance with the condition of the bond impossible. Since the record is in that condition, we need not, and do not, consider the hypothetical effect of an exhaustion of the administrative remedies.

## II

▉ By the same token, the fact of deportation does not, by itself, show that Solorzano was "detained" by any civil or military authority from appearing in the trial court. Under section 1182(d)(5), of title 8 of the United States Code, the Attorney General of the United States had power to permit Solorzano's temporary return for the purpose of his California court appearance. Argonaut does not claim to have sought relief under that section; lacking any such attempt, it does not appear that any governmental agency has "detained" Solorzano within the meaning of section 1305.

The order is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1977.