IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


| | | |
|---|---|---|
| IN RE BOND FORFEITURE | ) | 2 CA-CV 2003-0165 |
| IN PIMA COUNTY CAUSE | ) | DEPARTMENT B |
| NUMBER CR-20031154 | ) | |
| | ) | O P I N I O N |


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Honorable K. C. Stanford, Judge Pro Tempore

AFFIRMED


Law Office of Douglas W. Taylor
  By Douglas W. Taylor                                                                    Tucson
                                                            Attorney for Appellants
                                                  Angel Bail Bonds and Harco
                                                 National Insurance Company


Barbara LaWall, Pima County Attorney
  By Paul G. Lauritzen                                                                  Tucson
                                       Attorneys for Appellee State of Arizona


E C K E R S T R O M, Judge.

¶1	Appellants Angel Bail Bonds and Harco National Insurance Company (collectively, the surety) posted a $25,000 appearance bond for criminal defendant Jesus Humberto Fierro Lugo after he was indicted on a drug charge in April 2003. When the defendant failed to appear at a pretrial conference in July, his attorney told the judge the defendant was in the custody of the United States Immigration and Naturalization Service (INS) and that he might have been deported to Mexico. The judge nonetheless set a trial date, and the state filed a motion asking the court to reconsider the conditions of release. At a hearing a few days later, the judge denied the state's motion, scheduled another status conference, and ordered the state to prepare a writ of *habeas corpus ad prosequendum* and arrange for the defendant to be transported to Pima County for the conference. When the state was unable to secure the defendant's appearance through the writ, presumably because he had been deported to Mexico, the judge vacated the trial date, issued a bench warrant for the defendant's arrest, and set a bond forfeiture hearing. At the hearing, the trial court ordered the $25,000 bond forfeited, and the surety appealed. We affirm.

¶2	Under Rule 7.6(c)(1), Ariz. R. Crim. P., 16A A.R.S., a trial court must issue a bench warrant and set a bond hearing if "it appears to the court that the released person has violated a condition of an appearance bond." The court may order all or part of an appearance bond forfeited "[i]f at the hearing, the violation is not explained or excused." Ariz. R. Crim. P. 7.6(c)(2). We view the record on appeal in the light most favorable to

supporting the trial court's judgment and review the ruling for an abuse of discretion. *State v. Garcia Bail Bonds*, 201 Ariz. 203, ¶ 5, 33 P.3d 537, 539 (App. 2001).

¶3         The surety contends the trial court abused its discretion here because the surety adequately "explained or excused" the defendant's absence. Ariz. R. Crim. P. 7.6(c)(2). The surety argues that "the Defendant did not fail to appear, on his own volition, for any scheduled hearing in this matter" because he had been deported and, therefore, "committed a technical violation, if any, of the conditions of release." The surety further argues it should not be held responsible for failing to produce the defendant because "[o]nce the jail re-took custody of the Defendant on behalf of INS and handed the Defendant over to INS—all without notice to the bond poster—there was nothing whatsoever that the Bond Poster could do to secure the release of the Defendant." The surety contends "it is INS's fault, and the jail's fault, that the Defendant . . . failed to appear," "the State's fault for waiting [several days] to serve the writ and order," the magistrate's fault "for not relating that there was an INS hold" on the order releasing the defendant, and "the trial court's fault for denying the State's motion to modify conditions of release, which would have brought the Defendant back to Pima County for trial." In short, according to the surety, "it is anyone's fault but the Bond Poster's that the Defendant has technically, if at all, violated the release conditions." We disagree.

¶4         It is well settled in this jurisdiction that a surety assumes the risk of a defendant's failure to appear. *See State v. Affordable Bail Bonds*, 198 Ariz. 34, ¶ 23, 6 P.3d

3

339, 344 (App. 2000); *United Bonding Ins. Co. v. City Court*, 6 Ariz. App. 462, 464, 433 P.2d 642, 644 (1967). To alleviate that risk, a surety should exercise care in ascertaining the defendant's circumstances and community ties before executing an appearance bond, much as a trial court must do before determining a defendant's release conditions under Rule 7.4, Ariz. R. Crim. P., 16A A.R.S. Although the surety claims it was not aware and had "no reason to be aware that there was an INS hold in place" at the time it posted the bond, the record demonstrates that the surety could have easily acquired that information by simply contacting jail personnel. Moreover, the surety should have known that the defendant's deportation was at least a possibility, having posted the bond in a felony case for a Spanish-speaking defendant who was a Mexican citizen and whose only address was "General Delivery, Nogales, Sonora, Mexico." *See In re Sanford & Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 205 (Tenn. Crim. App. 2002) (sureties assume risk of defendants' deportation in bail bond agreements involving aliens). And, because we know of no authority that imposes a duty on the state to seek out a surety and furnish it information about a criminal defendant, we do not accept the surety's argument that someone else, such as the magistrate or a jail employee, was to blame for failing to notify it that INS had taken custody of the defendant. To the contrary, no one but the surety had any duty to ascertain the wisdom or folly of contracting with the defendant to post a bond that would secure his appearance in court.

**¶5** Nor do we accept the surety's argument that the trial court abused its discretion by rejecting the surety's explanation for the defendant's failure to appear. In determining

4

whether to order an appearance bond forfeited, a trial court may consider all the relevant circumstances, including, for example, the defendant's willfulness in violating the order to appear, the effort and expense expended by the surety in trying to locate and apprehend the defendant, any intangible costs, or any other aggravating or mitigating factors that prevented the defendant from appearing. *State v. Old West Bonding Co.*, 203 Ariz. 468, ¶ 26, 56 P.3d 42, 49 (App. 2002).

¶6         Here, there is no indication that the defendant made any effort to legally enter the country to attend the scheduled court conference. The court conducted a series of hearings that addressed the defendant's failure to appear, culminating in the court's issuance of a bench warrant for the defendant's arrest. At those hearings, defense counsel never asserted that the defendant had expressed any desire to abide by his promise to appear. Indeed, nothing in the record suggests that the defendant had made any effort even to contact his defense counsel.

¶7         Nor has the surety demonstrated that it expended any effort or expense in attempting to locate the defendant in Mexico. The surety did not show it had filed a petition to have the defendant legally returned to the United States for trial pursuant to 8 U.S.C. § 1182(d)(5)(A), which provides for the reentry of removed aliens for court appearances. For this reason, the trial court did not err in rejecting the surety's claim that the defendant's deportation, standing alone, excused the surety's failure to surrender the defendant. *See People v. Argonaut Ins. Co.*, 134 Cal. Rptr. 614, 615 (Ct. App. 1976) (absent any attempt to

prevent deportation or arrange temporary return for court appearance, surety could not claim deportation order alone made impossible its compliance with bond conditions).

**¶8**      Because the surety had assumed the risk of the defendant's failure to appear when it posted the defendant's appearance bond, *see Affordable Bail Bonds*, 198 Ariz. 34, ¶ 23, 6 P.3d at 344, because the defendant made no effort to appear, and because the surety expended no effort or expense to produce the defendant, *see Old West Bonding Co.*, 203 Ariz. 468, ¶¶ 25-26, 56 P.3d at 49, the trial court's decision to forfeit the bond was not an abuse of discretion.

**¶9**      Affirmed.

 

 

_____
PETER J. ECKERSTROM, Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Chief Judge


_____
JOHN PELANDER, Presiding Judge