NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BANKER'S INSURANCE COMPANY and AZTECA BAIL BONDS,
*Appellants.*

No. 1 CA-CV 16-0041
FILED 12-8-2016

---

Appeal from the Superior Court in Yavapai County
No. V1300CR820030173
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By William A. Kunisch
*Counsel for Appellee*

Clifford M. Sherr Attorney at Law, Phoenix
By Clifford M. Sherr
*Counsel for Appellants*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

¶1            Banker's Insurance Company and Azteca Bail Bonds ("Appellants") appeal the superior court's judgment forfeiting a $25,000 appearance bond. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2            In 2003, Theresa Flores ("Defendant") pled guilty to two counts of burglary and was placed on probation. After she absconded, the Yavapai County Adult Probation Department filed a petition to revoke her probation, and the superior court issued a warrant for her arrest.

¶3            More than ten years later, Defendant was arrested in Missouri on the warrant. Appellants, through their agent, Fitzgerald All-State Bail Bonds, LLC ("Fitzgerald"), posted a $25,000 appearance bond on Defendant's behalf, and she was released.[2]

¶4            Thereafter, the Circuit Court of St. Louis, Missouri, issued a warrant for Defendant's arrest on a separate criminal charge and set a $3,500 appearance bond. Defendant was again arrested and booked into the Yavapai County jail. The superior court confirmed the $3,500 bond set by the Missouri court, and Fitzgerald again posted bond, securing Defendant's release for a second time.

¶5            Defendant failed to appear for a probation violation disposition hearing in June 2015, and the court scheduled a bond forfeiture

---

[1]      The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]      Bankers Insurance Company is a nationwide surety company. Azteca Bail Bonds was the transfer agent in this case, and Fitzgerald was the posting agent.

hearing. Neither Appellants nor their agent, Fitzgerald, appeared at the hearing, and the court entered judgment forfeiting the $25,000 bond.

**¶6** Pursuant to Rule 59(a)(8), Ariz. R. Civ. P.,[3] Appellants filed a motion for new trial, which the superior court denied. This timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1), (5)(a) (2016).[4]

## ANALYSIS

**¶7** We review for an abuse of discretion the superior court's order forfeiting the bond. *See State v. Affordable Bail Bonds*, 198 Ariz. 34, 36, ¶ 9, 6 P.3d 339, 341 (App. 2000).[5] We view the evidence in the light most favorable to affirming the judgment. *State v. Veatch*, 132 Ariz. 394, 396, 646 P.2d 279, 281 (1982). We may affirm the bond forfeiture order if it is correct, even on grounds different from those cited by the superior court. *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 502, 851 P.2d 122, 127 (App. 1992).

**¶8** Appellants argue that Defendant should have been held non-bondable after her arrest on the Missouri charge and that the superior court abused its discretion when it denied Appellants' motion for new trial.[6] Appellants also argue that "[p]rejudice to the Appellants as appeared in this case is a recognized defense to forfeiture and was another basis for exoneration ignored by the trial judge." The State argues that Appellants have waived these arguments "by failing to appear and present them at the

---

[3]    Rule 59(a)(8) provides that the superior court may grant a new trial if "the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." Rule 59 has been amended, and effective January 1, 2017, a similar provision may be found in Rule 59(a)(1)(H).

[4]    We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the relevant date(s).

[5]    We likewise review for an abuse of discretion the denial of a motion for new trial. *Jaynes v. McConnell*, 238 Ariz. 211, 215-16, ¶ 13, 358 P.3d 632, 636-37 (App. 2015) (citation omitted).

[6]    Although Appellants' notice of appeal references only the judgment of forfeiture, this court may also review the superior court's order denying Appellants' motion for new trial. *See* A.R.S. § 12-2102(B) (2016).

bond forfeiture hearing," and instead, raising them for the first time in their motion for new trial.

¶9        "An issue raised for the first time after trial is deemed to have been waived." *Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6, 981 P.2d 1087, 1089 (App. 1999) (citation omitted). This court has not hesitated to apply this rule of law. *See, e.g., Flanders v. Maricopa Cty.*, 203 Ariz. 368, 378, ¶ 65, 54 P.3d 837, 847 (App. 2002) (holding that an issue raised for the first time in a motion for judgment as a matter of law following the verdict is waived); *Conant v. Whitney*, 190 Ariz. 290, 293, 947 P.2d 864, 867 (App. 1997) (holding that a plaintiff waived his claim of manifest injustice by raising it for the first time in a motion for new trial); *Ruck Corp. v. Woudenberg*, 125 Ariz. 519, 522, 611 P.2d 106, 109 (App. 1980) (declining to consider the merits of defendants' objection to an attorneys' fees award because the objection was raised for the first time in a motion for new trial).

¶10        We apply this rule here. After Defendant failed to appear at her disposition hearing, the superior court scheduled a bond forfeiture hearing. Although notified of the hearing, Appellants and their agent failed to appear. The record reflects no explanation for Appellants' absence at the hearing. In their motion for new trial, Appellants argued for the first time that Defendant should have been held non-bondable on the Missouri charges and asserted a "prejudice defense." Appellants' arguments came too late.

¶11        Arizona Rule of Criminal Procedure 7.6(c) requires the superior court to give the surety notice of a forfeiture hearing and provide the surety with an opportunity to show cause why the bond should not be forfeited. *See* Ariz. R. Crim. P. 7.6(c)(1). If no explanation or excuse for the defendant's violation is provided at the hearing, "the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond." Ariz. R. Crim. P. 7.6(c)(2). Here, Appellants did not appear at the forfeiture hearing and, therefore, failed to provide an explanation or excuse for Defendant's violation. Accordingly, the court had the authority to forfeit the bond.

¶12        As prior decisions have explained, "a surety assumes the risk of a defendant's failure to appear." *In re Bond Forfeiture in Pima Cty. Cause No. CR-20031154*, 208 Ariz. 368, 369, ¶ 4, 93 P.3d 1084, 1085 (App. 2004) (citations omitted); *accord United Bonding Ins. Co. v. City Court*, 6 Ariz. App. 462, 464, 433 P.2d 642, 644 (1967). To alleviate that risk, the surety must exercise care in ascertaining the defendant's circumstances and community

4

ties before executing an appearance bond. *Bond Forfeiture in Pima Cty. Cause No. CR-20031154*, 208 Ariz. at 369, ¶ 4, 93 P.3d at 1085.

¶13        In this case, Appellants posted two appearance bonds for Defendant. At the time they posted the first bond, Appellants were aware that a warrant for Defendant's arrest had been issued more than ten years earlier. Notwithstanding this information about Defendant, Appellants chose to post a second bond after her arrest on the Missouri warrant. Appellants thus assumed the risk that Defendant would fail to appear.

## CONCLUSION

¶14        Appellants waived their challenges to the bond forfeiture by raising them for the first time in their motion for new trial, and the superior court did not abuse its discretion in denying their motion. On this basis, we affirm the superior court's order forfeiting the $25,000 appearance bond.



AMY M. WOOD • Clerk of the Court
FILED:  AA