NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee*,

*v.*

ALLIANCE BAIL BONDS, *Intervenor/Appellant*.

No. 1 CA-CV 17-0564
FILED 6-12-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-001615-004
The Honorable Thomas A. Kaipio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Kimberly Felcyn
*Counsel for Plaintiff/Appellee*

DuMond Law PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Intervenor/Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

**¶1**   Alliance Bail Bonds ("Alliance") appeals a superior court order forfeiting an appearance bond totaling $2700. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   Mark Hopkins was charged with credit card theft, a Class 5 felony, in March 2016. Alliance posted a $2700 appearance bond on behalf of Hopkins. On January 27, 2017, Hopkins pled guilty pursuant to a plea agreement.[1] On April 10, 2017, Hopkins failed to appear for sentencing. The superior court granted defense counsel's oral motion to continue sentencing to allow Hopkins to appear. The court held in abeyance the issuing of a bench warrant until the continued court date. When Hopkins failed to appear on April 18, the court issued a bench warrant and set a bond forfeiture hearing.

**¶3**   On May 1, 2017, Hopkins moved to quash the bench warrant, stating he had been in a clinical detox facility for five days during "the last hearing date." The motion did not differentiate between the April 10 or 18 court dates. The court set oral argument on the motion to quash for May 18. On that date, Hopkins was present in court and the superior court quashed the bench warrant. The court sentenced Hopkins as stipulated in the plea agreement.

**¶4**   The superior court subsequently held a bond-forfeiture hearing. Alliance argued Hopkins had reasonable cause for his failure to appear because he was in a detox facility at the time of the April 2017

---

[1] The plea agreement is not part of the record on appeal, but we take judicial notice of the superior court record for plea agreement information. *See Bobrow v. Bobrow*, 241 Ariz. 592, 599, ¶ 33, n.12 (App. 2017) (appellate court may take judicial notice of superior court records).

hearing. Alliance did not differentiate between the two hearings Hopkins missed in April. The superior court found no evidence was presented proving Hopkins was in a detox facility at the time of a hearing, and even if Hopkins was in detox, he could have moved beforehand to continue the hearing. Accordingly, the superior court found Hopkins had no reasonable cause for his failure to appear. After considering mitigation factors, the court forfeited the entire $2700 amount. Alliance timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

**¶5**      After the violation of a condition of an appearance bond, the superior court may order forfeiture of the bond, in part or in full. Ariz. R. Crim. P. 7.6(c)(3); *State v. Old W. Bonding Co.*, 203 Ariz. 468, 474, ¶ 23 (App. 2002). Forfeiture is discretionary, and the court may consider factors including:

> (1) whether the defendant's failure to appear due to incarceration arose from a crime committed before or after being released on bond; (2) the willfulness of the defendant's violation of the appearance bond; (3) the surety's effort and expense in locating and apprehending the defendant; (4) the costs, inconvenience, and prejudice suffered by the state as a result of the violation; (5) any intangible costs; (6) the public's interest in ensuring a defendant's appearance; and (7) any other mitigating or aggravating factors.

*Old W. Bonding Co.*, 203 Ariz. at 475, ¶¶ 25–26. We review a superior court order forfeiting a bond for an abuse of discretion, and view the record on appeal in the light most favorable to upholding the superior court's decision. *In re Bond Forfeiture in Pima County Cause Number CR-20031154*, 208 Ariz. 368, 369, ¶ 2 (App. 2004).

**A.      Alliance's Late Filing of the Transcripts in this Case Could Be an Independent Basis to Affirm the Superior Court's Decision.**

**¶6**      The transcript from the August 15, 2017 bond-forfeiture hearing was not originally part of this court's record on appeal at the time the State filed its answering brief. The State correctly argued that without the transcript it could not respond to Alliance's claims, and this court was obligated to assume the correctness of the superior court's adjudication of the issues. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) (missing transcripts are presumed to support the superior court's decision). After the

3

State filed its answering brief, Alliance submitted the transcript to this court. If we believed the argument presented at the August 2017 hearing was material to our decision, we could have sanctioned Alliance and allowed the State to file a supplemental brief considering the transcripts. *See* ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (appellant is responsible for providing the necessary transcripts for this court to consider the issues raised on appeal); *Romero v. Sw. Ambulance,* 211 Ariz. 200, 205, ¶ 14 (App. 2005) (court declines to exercise discretion to impose sanction for failure to file transcripts). However, because the transcript does not present any evidence outside of Alliance's argument, we will consider it as part of the record on appeal and issue a merits decision. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (the court prefers to resolve cases on the merits).

**B.      The Superior Court Did Not Abuse Its Discretion by Forfeiting the Entire Bond Based on the Lack of Evidence Presented by Alliance.**

**¶7**            Alliance, as the surety, was given an opportunity at the forfeiture hearing to show "reasonable cause" why Hopkins did not appear as ordered in April 2017. *See* Ariz. R. Crim. P. 7.6(c)(2); *Old W. Bonding Co.*, 203 Ariz. at 471, ¶ 14. "[T]he burden of proof rests with the surety to show reasonable cause." *State ex rel. Corbin v. Superior Court (Hopwood)*, 2 Ariz. App. 257, 261 (1965).

**¶8**            Alliance first argues the court should have continued the forfeiture hearing so it could establish why a motion to continue was not filed when Hopkins knew he was going to miss the April 18, 2017 hearing. To the extent Alliance's argument at the forfeiture hearing could be considered a motion to continue, continuances are within the sound discretion of the superior court and predicated on good cause shown. *Evans v. Lundgren*, 11 Ariz. App. 441, 445 (1970). If Alliance wanted evidentiary support for its argument that Hopkins missed the hearing because he entered a clinical detox facility, it was Alliance's burden to establish the record. *See State v. Bail Bonds USA*, 223 Ariz. 394, 397, ¶ 11 (App. 2010) (surety has burden to "show by a preponderance of the evidence an excuse or explanation for [the defendant's] failure to appear"); *Hopwood*, 2 Ariz. App. at 261. Similarly, if Alliance wanted to show Hopkins's trial counsel was deficient for failing to file a motion to continue, it was Alliance's burden to make that offer of proof. *State v. Hernandez*, 232 Ariz. 313, 386,

¶ 37 (2013) (lack of an offer of proof forecloses argument on appeal). It was not prepared to do so at the forfeiture hearing.

**¶9**      Other than a conclusory statement as part of the motion to quash the bench warrant, there was no evidence presented that would establish that Hopkins was in a detox facility on either day in April 2017 when he missed hearings, nor was there any evidence regarding the communications between Hopkins and his trial counsel prior to the hearings. Additionally, a five-day stay in a detox facility does not explain Hopkins's absence from the hearings on both April 10 and 18, eight days apart. The superior court did not abuse its discretion by not continuing the forfeiture hearing.

**¶10**      Alliance also claims the superior court addressed Hopkins's failure to appear on May 18, 2018, when the bench warrant was quashed and Hopkins was sentenced. Alliance argues that because the minute entry states the warrant was quashed, and indicated that it was an unopposed motion with "good cause appearing," that the superior court meant to also vacate the forfeiture hearing. However, the minute entry is silent regarding the bond forfeiture proceeding, and we have no other record regarding what was discussed at the May 18 sentencing. *See Myrick*, 235 Ariz. at 495, ¶ 11.

**¶11**      Finally, Alliance contends the discretionary factors set forth in *Old West* demonstrate the court abused its discretion. We disagree. The factors set forth in *Old West* are not mandatory, rather they are suggested "relevant considerations" that a court may review. *Old W. Bonding Co.*, 203 Ariz. at 475, ¶ 26. None of the factors presented in *Old West* are dispositive or require a court to exonerate a bond, *see id.*, and this court will not substitute its judgment for that of the superior court on these discretionary factors, *see Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 11 (App. 2009).

**¶12**      Because Alliance is not the prevailing party on appeal, we decline its request for attorney's fees.

**CONCLUSION**

**¶13**      Affirmed.

